## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| **ALEXANDER MARTIN JR.,** *pro se* | * | | |
| | * | | |
| Petitioner | * | **Crim. No.** | **PJM 02-178** |
| | * | **Civil. No.** | **PJM 14-472** |
| v. | * | | |
| | * | | |
| **UNITED STATES OF AMERICA** | * | | |
| | * | | |
| Respondent | * | | |

### MEMORANDUM OPINION

Alexander Martin, Jr., proceeding *pro se*, has filed a Motion to Vacate Conviction under 28 U.S.C. § 2255. ECF No. 119. Having considered the Motion and the Government's Opposition, although the Court is prepared to find all the claims Martin raises to be meritless, it will **DEFER** final ruling on the Motion and allow Martin sixty (60) days to show cause why equitable tolling might apply to his claim of ineffective assistance of counsel based on counsel's purported failure to follow Martin's request to file an appeal.

### I.

On April 16, 2003, Martin pleaded guilty to one count of kidnapping in violation of 18 U.S.C § 1201 and one count of using a firearm during the commission of a crime of violence in violation of 18 U.S.C § 924(c). On May 29, 2003, the Court sentenced him to 290 months incarceration on Count I and seven-years consecutive incarceration on Count II. Judgment was entered on June 2, 2003.

Martin's opportunity to file a direct appeal expired fourteen days following entry of judgment, Fed. R. Appr. P. 4(b)(1)(A)(i), but he did not do so. He submitted the present § 2255

motion to vacate on February 18, 2014. ECF No. 119. The Government filed a response to the motion, to which Martin did not reply.

Construing his § 2255 motion liberally, Martin argues (1) that the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Blakely v. United States*, 542 U.S. 296 (2004) recognized new rights that entitle him to be resentenced; and (2) that his Sixth Amendment rights were violated by reason of ineffective assistance of counsel, entitling him to be resentenced. In particular, Martin argues that he was prejudiced by his counsel's failure to file a direct appeal on *Blakely* grounds, that he was left to enter his plea unknowingly or involuntarily, and that counsel failed to file a direct appeal even though Martin requested that he do so. The Court addresses each argument in turn.

## II.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255, established a one-year statute of limitations for filing post-conviction claims in federal court. Specifically, petitions filed under § 2255 must be filed within one year of the latest of the following events:

(1) the date on which the conviction becomes final;
(2) the date on which an impediment created by government action in violation of the Constitution or laws of the United States is removed;
(3) the date on which the right was recognized by the Supreme Court *and* made retroactively applicable; or
(4) the date on which the facts that support the claim presented could have been discovered through the exercise of diligence.

*See* 28 U.S.C. § 2255(f). There are, however, exceptions to the time bar, as well as grounds for tolling the statute of limitations. In order to qualify for an exception, a defendant must show that he has pursued his claim diligently and that an extraordinary circumstance or circumstances

2

prevented him from filing it on time. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Martin's conviction became final on June 16, 2003, when the opportunity to appeal this Court's judgment expired. Again, Martin did not file this Motion to Vacate until February 18, 2014. He has not alleged any impediment created by the Government that impeded him from filing his motion in timely fashion.

Accordingly, Martin's § 2255 motion will be deemed untimely if it was not filed within a year of September 2, 2003, or within one year from the date on which the right he asserts was recognized by the Supreme Court *and* made retroactively applicable, or within one year of the date when the facts that support the claim presented could have been discovered through the exercise of diligence.

**A.**

Martin cites *Descamps* as one of the cases in which he maintains that the Supreme Court recognized a right that entitles him to a vacated sentence. *See* ECF No. 119, at 1. *Descamps* was decided by the Supreme Court on June 20, 2013. Since Martin filed his § 2255 motion on February 14, 2014, it was filed within the required one-year.

In *Descamps*, the trial judge had applied a modified categorical approach to determine that the defendant's three prior convictions triggered an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See* 133 S. Ct. at 2283. The Supreme Court reversed, holding that the modified categorical approach does not apply to criminal statutes that contain a single indivisible set of elements. *Id.* at 2302. Although Martin does not explain precisely why *Descamps* entitles him to be resentenced, he is presumably arguing that this Court

3

mistakenly applied a modified categorical approach to his two prior controlled substance offenses and thereby mis-designated him as a career offender for sentencing purposes.

However, § 2255 does not authorize a court's consideration and correction of every alleged sentencing error. Rather, the statute provides four avenues by which a petitioner can seek relief:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Supreme Court has interpreted this provision to mean that if the alleged sentencing error is neither constitutional nor jurisdictional in nature, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice. *See United States v. Foote*, 2015 WL 1883538, at \*4 (4th Cir. Apr. 27, 2015) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974))

In contrast to the defendant in *Descamps*, Martin was not sentenced pursuant to the Armed Career Criminal Act; instead, like the defendant in *Foote*, Martin was found to be a career offender under 28 U.S.C. § 994(h) and USSG 4B1.1. Accordingly, Martin's *Descamps* challenge is neither constitutional, statutory, nor jurisdictional in nature; rather, he simply avers that the Court made a guidelines calculation error by applying a modified categorical approach to his prior controlled substance offenses, thereby mis-designating him as a career offender. But, even assuming that the Court applied a modified categorical approach to Martin's two prior controlled substance offenses, and even assuming that in doing so Martin was erroneously found to be a career offender under the Sentencing Guidelines, the Fourth Circuit has held that

4

sentencing a defendant pursuant to advisory Guidelines based on career offender status that is later invalidated does not meet the high bar of a "fundamental defect which inherently results in a complete miscarriage of justice." *See Foote*, 2015 WL 1883538, at *4.[1] Accordingly, the Court need not delve into the details of how Martin's career offender status was determined, because the Court lacks the authority to review the question altogether.

Further, "[t]he Supreme Court has not . . . indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding." *See Randolph v. United States*, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013). Accordingly, even if *Descamps* were relevant to Martin's case, it does not apply retroactively to a collateral appeal such as the present one.

**B.**

Martin cites *Alleyne v. United States* as a second case in which the Supreme Court recognized a right that he maintains entitles him to a vacated sentence. *See* ECF No. 119, at 1. *Alleyne* was decided on June 17, 2013. Martin therefore filed his § 2255 motion within one year of the decision in *Alleyne*.

In *Alleyne*, the sentencing judge had handed down a seven-year sentence after determining that defendant "brandished" a firearm during the commission of a crime of violence.

---

[1] Martin, unlike Foote, was originally sentenced before the Sentencing Guidelines became advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220 (2005). However, Martin was re-sentenced by the Court post-*Booker* under the Advisory Guidelines. In both the original sentence and re-sentencing, the Court imposed a sentence lower than the statutory maximum for Count I, which was life imprisonment. In both the original sentencing and re-sentencing, the Court noted that the sentence was within an advisory guideline range greater than 24 months, and that the specific sentence was imposed because of Martin's outrageous crimes while he was on PCP. As the Fourth Circuit observed in *Foote*, while the career offender designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself—then or now. *See* 2015 WL 1883538, at *12 (citing *United States v. Addonizio*, 442 U.S. 178, 187 (1979)).

5

The seven-year sentence reflected the mandatory minimum sentence for cases in which a firearm had been brandished; the mandatory minimum, absent brandishing, was otherwise five years. The jury was not asked to find whether or not the defendant had brandished a firearm beyond a reasonable doubt. *See* 133 S. Ct. at 2163. The Supreme Court reversed and remanded, holding that any fact that is an element of a crime—including facts that increase the statutory minimum penalty—cannot be made by a judge at the sentencing phase, and must be either agreed upon by defendant or found to be true by the jury. *Id.* at 2162.

In the present case, Martin contests the application of the criminal sexual abuse offense guidelines specified by U.S.S.G. 2A3.1(a) and (b), the application of which resulted in a base offense level for him of 27, plus a four level increase to the base offense level.

The Court first notes that the conviction on Count I, kidnapping in violation of 18 U.S.C. § 1201, for which Martin received the supposedly infirm sexual assault enhancement, did not carry a statutory minimum sentence. This fact renders *Alleyne*'s relevance to Martin's case doubtful, because *Alleyne* concerned facts that increased the statutory minimum. But even assuming that *Alleyne* were relevant, there is another, more fundamental distinction: unlike the defendant in *Alleyne* and unlike Martin's own codefendant, Martin did not take his case to trial and leave factfinding to the jury. Rather, he pleaded guilty and stipulated to a statement of facts. In that statement of facts, Martin admitted that he and a codefendant had robbed two men and a woman at gunpoint, then forced the woman into a vehicle, removed her clothing, fondled her, demanded that she perform sexual acts, struck her in the face, and shot her multiple times after she was able to escape from the vehicle. Martin further agreed and stipulated to sentencing guideline factors, including a base offense level of 27 pursuant to the Criminal Sexual Abuse/Attempt Criminal Sexual Abuse Guideline, § 2A3.1, and a four-level enhancement

because the kidnapping was committed by means set forth in 18 U.S.C. § 2241(a) (*i.e.*, sexual abuse committed by force or threat). Because Martin indisputably agreed to facts that formed the basis of the sexual assault enhancements, *Alleyne* ultimately has no bearing on Martin's case.

Moreover, while the Supreme Court has not yet indicated whether *Alleyne* applies retroactively to cases on collateral review, the Fourth Circuit has held that the case has not been made retroactively available to cases on collateral review. *United States v. Stewart*, 540 F. App'x 171 (4th Cir. 2013) (unpublished); *see also Baldwin v. United States*, 2013 WL 6183020 (D. Md. Nov. 25, 2013). For this reason, this Court finds that *Alleyne* did not declare a new rule of law.

## C.

Although Martin does not expressly say so, the heart of his claim for relief seems to derive from *Blakely v. Washington*. In *Blakely*, the defendant had pleaded guilty to kidnapping his estranged wife. *See* 542 U.S. at 298. The facts to which the defendant admitted supported a maximum sentence of 53 months. *See id*. However, that court found that petitioner had also acted with deliberate cruelty, which allowed the court to depart upward from the statutorily enumerated guideline, as a result of which the judge imposed a 90-month sentence. *See id.* On review, the Supreme Court held that, "[b]ecause the facts supporting petitioner's exceptional sentence were *neither admitted by petitioner* nor found by a jury, the sentence violated his Sixth Amendment right to trial by jury." *Id.* at 306 (emphasis added). Here, Martin argues that he was sentenced under a sexual assault enhancement that raised his offense level and sentence, but since he was never indicted for sexual assault nor found to have committed sexual assault by a jury, his conviction and sentence should be vacated. *See* ECF No. 119, at 2.

The argument cuts no ice.

Martin's claims under *Blakely* fail for the same reasons as his claims under *Alleyne*: in stark contrast to the defendant in *Blakely*, Martin clearly agreed to facts that formed the basis of the sexual assault enhancements he received at sentencing.

In any event, even if Martin had a cognizable claim under *Blakely*, such claim would be untimely. *Blakely* was decided by the U.S. Supreme Court on June 24, 2004, so that under AEDPA, Martin missed his deadline to make a *Blakely* claim by over nine years. Martin argues that he never filed a § 2255 petition (presumably) regarding *Blakely* because he was "without knowledge of the law and [did] not know how to fill out the require[d] documentation." ECF No. 119, at 1. But the Fourth Circuit has held that "ignorance of the law is not a basis for equitable tolling of § 2255's statute of limitations." *Sosa*, 364 F.3d at 512.

### III.

Finally, Martin argues that his trial counsel was ineffective because a) counsel failed to file a direct appeal on *Blakely* grounds; b) Martin entered his plea agreement unknowingly and involuntarily, and; c) trial counsel failed to file a direct appeal when Martin requested that he do so.

As a procedural matter, courts will not ordinarily entertain a § 2255 motion where—as here—the movant did not raise his claim before trial, at trial, or on direct appeal. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). However, in some circumstances a court may provide relief despite such procedural default, *i.e.* if the movant shows (1) a cause for his failure to assert the claim in an earlier proceeding and (2) actual prejudice as a result of the alleged error. *See Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009). Ineffective assistance of counsel claims are generally permitted via § 2255 motion. However, to establish cause for his default based upon ineffective assistance of counsel, Martin must show that his attorney's

8

performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Martin's attorney's failure to file a direct appeal on *Blakely* grounds did not fall below an objective standard of reasonableness, nor did it cause prejudice to Martin. Assuming a *Blakely* claim had been available to Martin during the time he could have filed a direct appeal (*Blakely* itself was decided about ten months after Martin's judgment became final), such a claim would have been meritless, because—as discussed above—Martin had clearly agreed to facts that formed the basis of the sexual assault enhancements he received at sentencing.

Similarly, Martin's argument that he was never informed of the enhancement by his attorney is highly doubtful. In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are almost always incredible or frivolous or false on their face. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Here, as noted above, at the sentencing hearing, the Government outlined the stipulated facts and Guideline calculations. Martin stated in open court that he understood and accepted such facts and calculations; that he fully understood the proceedings; that he was giving up the right to a jury trial; that he had gone over the plea agreement with his counsel; that counsel had explained the plea agreement to him; and that he had specifically discussed the guideline calculations with his counsel. Martin has alleged no extraordinary circumstances that call into question the truth of these sworn statements. Accordingly, the Court concludes that Martin's guilty plea was knowing and voluntary, and would not support an ineffective assistance claim on that basis.

9

Still, Martin asserts that he wished to appeal his sentence and that he instructed his counsel to do so, but counsel did not do so. *See* ECF No. 119, at 1. An attorney may be found ineffective for disregarding his client's unequivocal instruction to appeal, even though defendant—as here—has waived his appeal rights. *See United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). In fact, pursuant to *Poindexter*, while Martin may have been entitled to an evidentiary hearing to determine whether he in fact unequivocally instructed his attorney to file an appeal, his request almost certainly appears to come too late.

Martin's conviction became final on June 16, 2003, when the time to file a direct appeal expired. Since he failed to bring a § 2255 petition alleging ineffective assistance of counsel within one year of September 2, 2003, that claim would, at first blush, appear to be untimely under 28 U.S.C. § 2255(f)(1). True, Martin might try to argue that he is entitled to bring the claim within one year of the date that facts that support the claim could have been discovered through the exercise of diligence, and that these facts could not have been discovered by diligent application, as provided by 28 U.S.C. § 2255(f)(4). But the unalterable fact is that more than ten years passed from the date on which Martin's conviction became final and the date on which Martin filed his § 2255 petition. Had Martin exercised diligence, it seems virtually certain that he would have or should have discovered in far fewer than ten years any conceivable facts in support of the claim–most notably, the fact that his counsel filed no direct appeal.

Nevertheless, the Fourth Circuit has held that when the statute of limitations issue is raised as a bar to a habeas action, either by the Government or by a court *sua sponte*, the petitioner should at least be afforded an opportunity to respond before the case is dismissed. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002) (holding that a court can *sua sponte* raise the issue that a habeas corpus petition under § 2254 is time-barred but cannot then dismiss the

petition without affording the petitioner an opportunity to respond to the court's concerns); *United States v. Sosa*, 364 F.3d 507, 510 n. 4 (4th Cir. 2004) (applying *Hill* to § 2255 actions).

Accordingly, based on the foregoing, the Court will grant Martin 60 days to address why, if at all, principles of equitable tolling apply, but only as to one particular claim: *i.e.*, his claim of ineffective assistance of counsel stemming from his attorney's alleged failure to follow his instruction to file an appeal.

**V.**

The Court's ruling on Martin's Motion to Correct, Vacate, or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 119, is **DEFERRED** for the present. Martin is **GRANTED** 60 days to address why principles of equitable tolling might apply to his claim of ineffective assistance of counsel stemming from his attorney's alleged failure to follow his instruction to file an appeal. Should the Court require a response from the Government, the Court will set such timeline by further Order of Court.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

June 9 , 2015